IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00364-PSF-MJW

SHERRY A. STONE,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General,
United States Department of Justice, Bureau of Prisons,

    Defendant.

---

## ORDER REGARDING DEFENDANT'S MOTION TO STAY
## (DOCKET NO. 14)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendant's Motion to Stay Discovery (docket no.14). The court has reviewed the motion and the response (docket no. 19). The court has further taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964. Defendant has filed a Motion to Dismiss (docket no.13). Defendant's Motion to Dismiss (docket no. 13) requests that this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that plaintiff is currently a class member in a class action involving the same claims, which is pending before the Equal

2

Employment Opportunity Commission. Defendant asserts in the Motion to Dismiss (docket no. 13) that this court lacks subject matter jurisdiction in light of the pending class action. Accordingly, defendant requests that this court stay this case until it is determined whether jurisdiction exists to proceed.

Plaintiff argues that defendant is "extremely unlikely to succeed" on the Motion to Dismiss (docket no. 13). Moreover, plaintiff argues that the Rule 16 Scheduling Order limits the amount of discovery, and defendant would not be prejudiced by proceeding with discovery while the Motion to Dismiss (docket no.13) is pending.

Defendant's motion "raises issues of pretrial management and judicial efficiency that fall within this court's discretion." Greeley Pub. Co. v. Hergert, 233 F.R.D. 607, 612 (D. Colo. 2006). This court finds that a stay of the proceedings in this case is appropriate until the jurisdictional matter is resolved. A stay in the discovery in this case comports with the interests of judicial economy. Clinton v. Jones, 520 U.S. 681, 707 (1997) (A court "has broad discretion to stay proceedings as an incident to its power to control its own docket.").

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

1. That Defendant's Motion to Stay Discovery (docket no.14) is **GRANTED**.

2. That this case is **STAYED** until further Order of Court.

3. That the parties shall submit a written status report to the court on

3

the first Monday of each month beginning on August 7, 2006. The written status report shall include an update on the status of the pending Defendant's Motion to Dismiss (docket no. 14) and the status of the class action.

Done this 28th day of June 2006.

                                         BY THE COURT

                                         <u>s/ Michael J. Watanabe</u>
                                         Michael J. Watanabe
                                         U.S. Magistrate Judge