IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00364-PSF-MJW

SHERRY A. STONE,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General,
U.S. Department of Justice, Bureau of Prisons,

    Defendant.

---

### ORDER ON MOTION TO DISMISS

---

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. # 13), filed on May 16, 2006. Plaintiff Sherry Stone filed her Response on June 2, 2006 (Dkt. # 18), and Defendant Alberto Gonzales as Attorney General on behalf of the United States Department of Justice and the Bureau of Prisons (hereinafter, "BOP") filed a reply on June 14, 2006 (Dkt. # 20). The Court having reviewed the submissions of counsel now enters the following Order.

**I. BACKGROUND**

Ms. Stone filed her complaint on March 2, 2006 (Dkt. # 1), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, in connection with her employment at BOP's Federal Correctional Institution in Florence, Colorado. Specifically, Ms. Stone alleges retaliation for protected activity. Previously, she had

filed a complaint of formal discrimination with BOP on March 14, 2005. No final agency decision was rendered for that individual claim within 180 days of filing the complaint.

Prior to Ms. Stone's individual complaint with BOP, a BOP employee named Dennis Turner filed a class complaint with the Equal Employment Opportunity Commission ("EEOC") in September 2004 alleging a pattern of class-wide retaliation against BOP employees who engaged in protected activity. In December 2005, an Administrative Law Judge ("ALJ") recommended that the class be accepted by the Equal Employment Opportunity Commission, including Ms. Stone as a putative class member. The Department of Justice Complaint Adjudication Office declined to accept the ALJ's recommendation, and the class was not certified. This decision was a final agency decision ("FAD") and an appeal of that decision is currently pending before the EEOC's Office of Federal Operations.

BOP contends that Ms. Stone's individual claim currently before this Court is premature due to the pending class action. Def.'s Mot. Dis. at 1. BOP moves to dismiss pursuant to F.R.Civ.P. 12(b)(1), claiming that her individual claim was subsumed into the class claim, and therefore if the class claim succeeds, plaintiff would be entitled to a remedy through the agency for her individual claim. *Id.* at 4-5. Thus, plaintiff's complaint before this Court is subject to dismissal for failure to exhaust her administrative remedies. *Id.* at 5. Were the class claim to be unsuccessful on appeal, Ms. Stone would then be entitled to bring her individual claim in this Court. *Id.*

2

**II. MOTION TO DISMISS**

    **A. Applicable Legal Standards**

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a party can make a facial attack that challenges the sufficiency of the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Second, a party can go beyond the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* at 1003. Here, defendant's motion appears to take the second form: defendant disputes that plaintiff has exhausted her administrative remedies as asserted in the complaint, thus challenging the facts that support jurisdiction. Def.'s Mot. at 3 n.1. When a court reviews the second type of Rule 12(b)(1) motion to dismiss, it may not presume the truthfulness of the complaint's factual allegations. *Holt*, 46 F.3d at 1003. The court has discretion to review affidavits and other documents to resolve disputed facts. *Id.*

Special regulations govern discrimination claims brought by federal government employees. *Monreal v. Potter*, 367 F.3d 1224, 1226 (10th Cir. 2004). For example, a claimant must exhaust her administrative remedies before she can bring a claim in federal court. *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir. 1984). Such exhaustion may be met when one of two scenarios is satisfied. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. First, a federal employee may bring a civil action within 90 days of notice of a final action taken by the agency, whether an initial decision or a decision upon appeal. 29 C.F.R. § 1614.407 *see also Monreal*, 367 F.3d at 1231 ("[A]

3

complainant may file an action in federal court after receiving the agency's final decision on an administrative complaint."). Second, a federal employee may bring a civil action within 180 days of the filing of the complaint or filing of an appeal where the agency has failed to take final action. *Id.*; *see also Knopp v. Magaw*, 9 F.3d 1478, 1479 (10th Cir. 1993) ("A federal employee may file a civil action 180 days after filing with the EEOC . . . ."). A claimant is not required to exhaust all possible administrative remedies. *Monreal*, 367 F.3d at 1231. Once an FAD has been issued, a claimant may appeal within the agency, but such action is not required for exhaustion purposes. *Id.*

### B. Analysis

Defendant relies on EEOC Management Directive 110 ("MD-110") in support of its position that plaintiff has not exhausted her administrative remedies. MD-110 allows the EEOC to hold individual claims in abeyance pending the resolution of class claims, and restricts plaintiffs from opting out of class complaints. In other words, defendant claims that plaintiff's individual complaint filed with BOP is being held in abeyance, thus tolling the 180-day period required for exhaustion.

Plaintiff claims that she properly exhausted all her administrative remedies. She did not receive an FAD for her individual claim, as the agency failed to issue its decision within 180 days of her complaint. An FAD was issued, however, in the class complaint on January 11, 2006, rejecting class certification. Although the class claimants have the opportunity to appeal before the agency, as they did here, they are not required to do so for purposes of exhaustion. *Monreal*, 367 F.3d at 1231.

4

Regardless, 180 days from the date of appeal passed on July 10, 2006. Pursuant to 29 C.F.R. § 1614.407(d), a claimant[1] may file a civil action "[a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." Thus, although exhaustion may not have been met for purposes of the purported class claim as of the date of filing the complaint with this Court, it has been met as of July 11, 2006. Therefore, even if plaintiff could not pursue her individual complaint under a lack of exhaustion theory, she can now pursue individual relief as described in 29 C.F.R. § 1614.407(d).

Defendant relies on *Johnson v. Rubin*, 105 F.3d 665 (Table) (9th Cir., Jan. 13, 1997), in support of its contention that plaintiff has failed to exhaust administrative remedies. In *Johnson*, the Ninth Circuit found that an individual plaintiff had not met exhaustion requirements where the same plaintiff had also filed a still-pending class claim with the agency. 105 F.3d at *3. The agency specifically determined that it was holding plaintiff's individual claim in abeyance pending the outcome of the class complaint, which subsumed her individual complaint. *Id.* at *2. In deciding to toll the running of the 180-day period for the plaintiff's individual claim, the Ninth Circuit noted that "[a]ny other result would be nonsensical because [plaintiff] would then have two complaints charging the same acts of discrimination." *Id.*

---

[1]Claimant includes "[a] complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint." 29 C.F.R. § 1614.407. It is not clear that Dennis Turner or his counsel constituted an "agent" for Sherry A. Stone in the putative class proceeding given that she was not a named plaintiff or a putative class representative.

5

The situation before the Court is materially distinguishable from *Johnson*. No agency specifically held Ms. Stone's individual complaint in abeyance, Ms. Stone is not a named plaintiff or a putative class representative in the second action, and the class complaint itself has now met the exhaustion requirements allowing its putative members to file their own complaints in a district court. Plaintiff in her response, filed June 2, 2006, alternatively requests this Court to hold her case in abeyance until July 11, 2006, at which time she would be authorized pursuant to 29 C.F.R. § 1614.407 to pursue an individual claim based on the class complaint. As that date has already passed, the Court finds that plaintiff has met her administrative exhaustion requirements, at least as of July 11, 2006. *See Martin v. Central States Emblems, Inc.*, 150 Fed. Appx. 852, 855 n.3, *cert. denied*, 126 S. Ct. 1392 (2006) (where employee brought Title VII claim prior to receiving prerequisite right-to-sue letter, later receipt of right-to-sue letter cured the premature filing where EEOC was not hampered in its administrative duties and defendant employer was not prejudiced by the early filing). The Court also notes that parties' most recent Status Report (Dkt. # 27), filed December 4, 2006, states that no activity has occurred in the EEOC class action appeal. The Court finds that plaintiff has exhausted her administrative remedies and that it has jurisdiction to proceed with her Title VII claim.

### III.     CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Dkt. # 13) is DENIED.  Parties are instructed to contact the Magistrate Judge no later than Friday, December 29, 2006 in order to proceed with scheduling and discovery in this case.

Dated: December 18, 2006

BY THE COURT

*s/ Bob Blackburn for*

_____
Phillip S. Figa
United States District Court Judge