IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00364-PSF-MJW

SHERRY A. STONE,

      Plaintiff,

v.

ALBERTO GONZALES, Attorney General, United States Department of Justice,
Bureau of Prisons,

      Defendant.

_____

PROTECTIVE
**ORDER**

_____

This is an action for redress for alleged violations of the Civil Rights Act of 1964,

as amended, codified in relevant part at 42 U.S.C. § 2000(e), *et seq.* ("Title VII").  The

plaintiff has sought to discover information which may be encompassed by the Privacy

Act of 1974, 5 U.S.C. § 552a.  In order to permit plaintiff to discover all information

relevant to this case without undermining the legislative purposes underlying the Privacy

Act, it is hereby ordered pursuant to 5 U.S.C. § 552a(b)(ll) and Rule 26(c) of the Federal

Rules of Civil Procedure that, whenever, in the opinion of counsel for the defendant,

discovery in this case will reveal or has revealed information which counsel has reason to

believe is within the scope of the provisions of the Privacy Act, the following procedures

will be followed:

1.     Counsel for defendant shall designate the information as confidential by letter mailed to plaintiff's counsel.

2.     The right of access to all discovery materials designated as confidential shall be limited to the parties; counsel of record; paralegals, consultants, or other agents acting under the direct supervision of any counsel of record, solely for the purpose of assisting counsel of record with respect to this case; or any witness endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness.

3.     Except as provided herein, no person having access to materials designated as confidential under paragraph 2 of this Order shall make public disclosure of, or disclose to any other person, any such information or material, without either further Order of the Court or stipulation by the parties.  In disclosing the contents of confidential documents, as permitted by paragraph 2 above, counsel shall advise the person to whom disclosure is made of the terms of this Order.

4.     Information designated as confidential which is filed with the Court pursuant to pretrial discovery shall be served on opposing counsel and filed separately in sealed envelopes on which shall be endorsed the title of this action, and a brief description of the contents of such sealed envelopes or other containers, the word "confidential," and a statement substantially in the following form:

*[handwritten: MJW 6-28-07]*

*[handwritten: Filed Consistent with DC.Colo.LCivR 7.2 And 7.3]*

"This envelope, containing documents which are filed in this
case by [name of party], is not to be opened nor are the
contents hereof to be displayed or revealed except by order of
the Court."

5.      Information designated as confidential which is endorsed or used during

any trial in this matter shall be sanitized of any identifying information of any person not

a party to this action, either by complete deletion or by substitution of pseudonym or

similar protocol (e.g., Supervisor A, Patient 2, etc.).

6.      Any specific part or parts of the restrictions imposed by paragraphs one

through five may be terminated at any time by a written stipulation of the parties hereto

provided that any such stipulation is approved by this Court or by any Order of this Court

for good cause shown.

7.      No party shall be obligated to challenge the confidential designation and a

failure to do so in this action shall not preclude a subsequent challenge to the propriety of

such designation.

8.      At the conclusion of all trial and appellate proceedings, all documents

designated as confidential shall be destroyed or returned to the defendant within sixty

days.

This Order is without prejudice to the rights of any party to make any objection to

discovery permitted by the Federal Rules of Civil Procedure, or any statute or other

authority, save the Privacy Act of 1974.

DONE AND ORDERED this 28<u>TH</u> day of _____June_____, 2007.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO
UNITED STATES MAGISTRATE JUDGE

We ask for this Order this 27th day of June, 2007.

TROY A. EID
UNITED STATES ATTORNEY

s/ *Mark S. Bove*
Mark S. Bove, Esq.
Attorney at Law
730 17th Street, Suite 635
Denver, CO  80202
(303)  393-6666

Attorney for Plaintiff

s/ *Marc A. Bonora*
Marc A. Bonora
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO  80202
(303) 454-0100

Attorneys for Defendant