IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00364-PSF-MJW

SHERRY A. STONE,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General, United States Department of Justice, Bureau of Prisons,

    Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY
(DOCKET NO. 44)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter was before the court on October 16, 2007, for hearing on Plaintiff's Motion to Compel Discovery (docket no. 44). The court has reviewed the motion and response thereto (docket no. 46). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Furthermore, the court has reviewed, *in camera*, the 65-page "character file" concerning Richard Michael Harriman. Lastly, the court has considered oral argument presented by the parties through counsel. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff requests, in the subject motion (docket no. 44), that this

2

court order Defendant to provide to Plaintiff the 65-page "character file" concerning Richard Michael Harriman. Plaintiff argues that the OPF Memo dated March 5, 1993, refers to the "character file" as it relates to a security clearance being requested, at that time, for Richard Michael Harriman. Plaintiff further argues that the "character file" may contain information concerning the untruthfulness of Mr. Harriman and believes that such "character file" is discoverable since it may lead the discovery of admissible evidence at trial. In addition, Plaintiff argues that the credibility of both the Plaintiff and Mr. Harriman are key issues in this case.

Defendant argues that the 65-page "character file" concerning Richard Michael Harriman is not relevant to any of the issues before this court and therefore inadmissible at trial. Furthermore, Defendant argues that the information in the "character file" was obtained in conjunction with a federal employee employment application for Richard Michael Harriman for a plumbing work position back in the 1992 to 1993 time frame and that such information is stale and not probative on any of the issues before this court.

After carefully reviewing the 65-page "character file" concerning Richard Michael Harriman, *in camera*, this court finds that the "character file" does contain personal and private information concerning Richard Michael Harriman. This court further finds that the entire "character file" is irrelevant to the issues before this court and disclosure of the same will not lead to the discovery of admissible evidence at trial. Accordingly, Plaintiff's Motion to Compel as to the "character file" concerning Richard Michael Harriman (docket no. 44) should be DENIED. The court notes that during the hearing

3

on this motion, this court did orally GRANT IN PART this motion (docket no. 44), in open court, as it relates to the missing pages of the operations manual and ordered Defendant to deliver such missing pages to plaintiff on or before October 26, 2007.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery (docket no. 44) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as the Defendant shall provide the missing pages to the Operations Manual to Plaintiff on or before October 26, 2007. The motion is **DENIED** as to the 65-page "character file" concerning Richard Michael Harriman;

2. That the 65-page "character file" concerning Richard Michael Harriman shall be **SEALED** and not opened except by further Order of Court; and,

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 17th day of October 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE