IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 06-CV-00364-WDM-MJW

SHERRY A. STONE,

    Plaintiff,

v.

MICHAEL MUKASEY, Attorney General, U.S. Department of Justice, Bureau of Prisons,

    Defendant.

## ORDER ON MOTION FOR AMENDMENT

Miller, J.

This matter is before me on Plaintiff's "Motion for Amended or Additional Findings and To Alter or Amend Judgment" (Docket No. 70) ("motion for amendment"). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion for amendment shall be denied.

### Background[1]

Plaintiff began her employment with the United States Bureau of Prisons ("BOP") on March 22, 1992. After working as a Facilities Assistant at the administrative maximum ("ADX") prison in Florence, Colorado, Plaintiff transferred to the Federal Correctional Institution ("FCI") in Florence, Colorado in November 1997.

---

[1] For a full description of the relevant facts of the case, see my Order dated April 25, 2008 (Docket No. 68).

She worked as a Facilities Assistant at FCI until she left work on medical leave in December 2004.  As a Facilities Assistant, Plaintiff reported directly to the Facilities Manager.

In August 1997, prior to transferring to FCI, Plaintiff filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") in August 1997.  She initiated a lawsuit based on these charges in February 1999 alleging discrimination and retaliation.  The case proceeded to trial with the jury returning verdicts in favor of the defendant on the discrimination claim and in favor of Plaintiff on the retaliation claim.  In January 2003, after a co-worker, Rick Harriman, was promoted to General Foreman instead of her, Plaintiff filed another formal complaint of discrimination with the EEOC.  She subsequently filed a lawsuit in November 2003 based on Harriman's promotion again asserting claims of discrimination and retaliation.  On July 29, 2004, after a settlement conference with Magistrate Judge Shaffer, the parties reached a settlement.  Plaintiff alleges that, at the settlement conference, she presented evidence that Harriman had made false statements in his General Foreman application.

In October 2004, the FCI Facilities Manager, Jesse Banda, was transferred to another BOP institution.  Pursuant to standard procedure, Harriman, the only active General Foreman, was appointed Acting Facilities Manager, making him Plaintiff's direct supervisor.  As Plaintiff's supervisor, Harriman made certain administrative decisions which Plaintiff claims were in retaliation for her protected activity.  These decisions included removing her duties as the backup time and attendance clerk, removing a key from her key ring, removing her files from a safe and moving the safe

to a different office, instructing her to leave her office door open, and reassigning her to a smaller office. Based on some of these actions, Plaintiff approached FCI's Associate Warden of Operations, Jimmy Whitehead, telling him that she could no longer work for Harriman because she felt Harriman was taking retaliatory actions against her. She requested that Harriman be transferred to another facility and she be assigned a new supervisor. Whitehead denied this request.

On December 8, 2004, Plaintiff went on medical leave. During her leave, FCI Warden Rios contacted Plaintiff to see how she was doing. Plaintiff reiterated her allegations that Harriman was taking retaliatory actions against her and again stated that she could no longer work below Harriman. Rios indicated that he was not going to move anyone at that time. Plaintiff did not return to work after she took medical leave on December 8, 2004. Based on the newly submitted memorandum, it appears that Chuck Turner became the Federal Correctional Complex Facilities Manager in March 2005.[2]

In March 2006, Plaintiff brought this action against the BOP for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e, *et seq.* Plaintiff alleges that she was unlawfully retaliated against by the BOP for engaging in protected activity. On April 25, 2008, I granted summary judgment to Defendant concluding that Plaintiff had not met her burden of establishing a *prima facie* case of retaliation. (*See* Docket

---

[2] As discussed below, Plaintiff is generally precluded from relying on this memorandum in this motion for amendment as she did not, despite being able to, raise the argument in her summary judgment response. *See Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

No. 68). Judgment entered in favor of Defendant and against Plaintiff on April 29, 2008. (*See* Docket No. 69). Plaintiff filed this motion for amendment on May 5, 2008.

<u>Standard of Review</u>

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver*, 952 F.2d at 1243. Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.*

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[3] and Rule 60(b) motions,

---

[3] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R.

*see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).

In this case, Plaintiff filed her motion for amendment within ten days after judgment entered in the case. Therefore, Plaintiff's motion was timely filed pursuant to Rule 59(e).[4]

## Discussion

Plaintiff seeks amendment of my determination that Plaintiff failed to establish a *prima facie* case of retaliation. Claims of unlawful retaliation under Title VII are analyzed under the burden-shifting framework of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Proctor v. UPS*, 502 F.3d 1200, 1207–08 (10th Cir. 2007) (citing *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999)). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of presenting a *prima facie* case of retaliation. *Id.* at 1208; *see Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate,

---

32.1.

[4] Plaintiff's motion indicates that she brings the motion pursuant to Fed. R. Civ. P. 59(e) and 52(b). Rule 52(b), however, concerns amendment of findings and conclusions when the action was tried on the facts without a jury. *See* Fed. R. Civ. P. 52(a)(1). A court is not required to state its findings or conclusions when ruling on either a Rule 12 or 56 motion. *See* Fed. R. Civ. P. 52(a)(3). As my Order dated April 25, 2008 was a ruling on a motion for summary judgment pursuant to Rule 56, I did not make findings or conclusions. Therefore, a motion for amendment under Rule 52 is not appropriate here and I will consider Plaintiff's motion as being brought pursuant to Rule 59(e).

nondiscriminatory reason" for its action. *Kendrick*, 220 F.3d at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant presents such a reason, the plaintiff bears the "ultimate burden" of showing that these proffered reasons are a pretext for unlawful discrimination. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000). To establish a *prima facie* case of retaliation, "a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)[5] and *Miller v. Auto. Club of N.M., Inc.*, 420 F.3d 1098, 1119 (10th Cir. 2005)).

In this case, it is undisputed that Plaintiff engaged in protected activity by filing her other discrimination lawsuits. With respect to the second element, I determined that the only adverse employment action Plaintiff suffered was the promotion of Harriman to her supervisor, given the history between them from the prior lawsuits. I determined that the remainder of Plaintiff's complaints about her work environment and Harriman's actions as her supervisor were trivial harms and did not constitute adverse employment actions under *Burlington* as these actions would not have "dissuaded a reasonable worker from making or supporting a charge of

---

[5] *Burlington* held that, to sustain a retaliation claim, a plaintiff need not show an adverse employment action, but, instead, must show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (quotations and citation omitted).

discrimination." *Burlington*, 548 U.S. at 68 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Plaintiff does not challenge this determination. Finally, with respect to the third element, I concluded that Plaintiff had not demonstrated a causal connection between the BOP's decision to promote or retain Harriman to Facilities Manager and Plaintiff's protected activities. In particular, I noted that Plaintiff's protected activities were more than three months prior to Harriman's promotion and, therefore, an inference of retaliatory motive could not be drawn based solely on temporal proximity. *Compare Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 596 (10th Cir. 1994) (holding that a six-week period between protected activity and adverse action may, by itself, establish causation), *with Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (holding that a three-month period was insufficient to establish causation without additional evidence). Plaintiff does not contest this determination. Finally, I determined that Plaintiff failed to provide additional evidence of causation sufficient to meet her burden of demonstrating a *prima facie* case. It is this conclusion that Plaintiff now seeks to amend.

In support of her motion for amendment, Plaintiff merely reargues that there is sufficient evidence of a causal connection. Such re-argument, however, is appropriate under a Rule 59(e) motion. Plaintiff is not arguing that I have misapprehended the facts, her position, or the controlling law; rather, Plaintiff is simply revisiting issues already addressed and raising issues that could have been raised earlier. *See Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243). Indeed, Plaintiff relies on and references the argument she made in her summary judgment response that the BOP officials knew about her previous lawsuits and the

content thereof and, therefore, there is a causal connection between her protected activity and Harriman's promotion. (*See* Docket No. 70 ¶ 4.) I have already addressed this argument and determined that the fact that the BOP officials knew of the previous lawsuits is insufficient to demonstrate causation. Plaintiff also argues that the necessary causal link is demonstrated by the fact that Banda's transfer and Harriman's promotion were based on a complex-wide reorganization plan. Finally, Plaintiff argues that the fact that there were other employees qualified to take over the Facilities Manager position, namely Chuck Turner, who eventually became the Federal Correctional Complex Facilities Manager in February 2005, demonstrates that the decision to promote Harriman was causally linked to Plaintiff's protected activities. However, these additional arguments were not raised in Plaintiff's summary judgment response, and, therefore, are now precluded. *See Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243.

     Nonetheless, even if I were to address Plaintiff's arguments, they do not change my ultimate conclusion that Plaintiff has not established a causal connection and, therefore, has not established her *prima facie* case. I note again that Plaintiff's allegation that the BOP officials who promoted Harriman knew about Plaintiff's previous lawsuits, and the content thereof, is insufficient to demonstrate the necessary causal link between the protected activities and the decision to promote or retain Harriman as the Facilities Manager. With respect to the complex-wide reorganization plan, I fail to see how this demonstrates that the decision to transfer Banda and promote Harriman was causally linked to Plaintiff's protected activities. Indeed, it seems to support the opposite—that Harriman's promotion was based on the complex-

wide plan rather than Plaintiff's protected activities.  Finally, even assuming Plaintiff is correct that others, including Chuck Turner, were qualified to be the FCI Facilities Manager in October 2004, it remains undisputed that Harriman was promoted to Acting Facilities Manager pursuant to routine practice and that he was the only General Foreman at FCI at the time he was promoted.  The fact that another person was qualified and eventually took the position does not alter the conditions of Harriman's promotion such that an inference of causation may be made.  Therefore, I conclude that there is no reason to amend my earlier determination that Defendant is entitled to summary judgment on Plaintiff's sole claim for retaliation.

Accordingly, it is ordered that Plaintiff's "Motion for Amended or Additional Findings and To Alter or Amend Judgment" (Docket No. 70) is denied.

DATED at Denver, Colorado, on December 9, 2008.
BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge